IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WHITNEY STEPHENSON,            )
                               )
            Plaintiff,         )
                               )
    v.                         )        1:13CV147
                               )
PFIZER INC.,                   )
                               )
            Defendant.         )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant's Memorandum in Support of Defendant's Position that it Should Not Be Required to Pay Plaintiff's Fees or Expenses (Docket Entry 34) concerning Plaintiff's request for expense-shifting in her Motion to Compel (Docket Entry 21). For the reasons that follow, the Court will order Defendant to pay Plaintiff $2,919.70 in reasonable expenses, including attorney's fees, incurred in making her Motion to Compel.

I.   BACKGROUND

Plaintiff's Complaint asserts that Defendant, her former employer, failed to reasonably accommodate her disability as required by the Americans with Disabilities Act (ADA). (Docket Entry 1 at 10-12.) Defendant's Answer asserted, inter alia, that "[t]he accommodations requested by Plaintiff were not reasonable" (Docket Entry 6 at 7) and that "Defendant was not required to make accommodations because to do so would impose an undue hardship"

(id. at 8).  Plaintiff filed a Motion to Compel as to several document requests, in which she sought expense-shifting.  (Docket Entry 21 at 4.)  Defendant responded in opposition (Docket Entry 26), Plaintiff replied (Docket Entry 28), and the Court set the matter for a hearing on April 4, 2014 (Docket Entry dated Apr. 2, 2014).  At the hearing, the Parties reached an agreement as to certain discovery requests (i.e., Plaintiff's document requests numbered 17, 18, 19, 43, 53, 58, 59, and 62) and the Court then considered those requests which remained in dispute.  (See Docket Entry dated Apr. 4, 2014.)  After considering the Parties' arguments, the Court ordered Defendant to respond to all of the remaining, disputed requests (i.e., Plaintiff's document requests numbered 44 through 52), but also narrowed the scope of those requests.  (See id.; Text Order dated Apr. 4, 2014.)

The Court further directed the Parties to work together to resolve minor issues as to the scope of certain of the requests, as well as the issue of expense-shifting, and to inform the Court as to the outcome of those negotiations.  (See Docket Entry dated Apr. 4, 2014; Text Order dated Apr. 4, 2014.)  Subsequently, the Parties informed the Court that they had resolved all outstanding issues as to the scope of Plaintiff's discovery requests.  (Docket Entry 31.) The Parties then filed a Notice outlining their disagreement as to the appropriateness of expense-shifting.  (Docket Entry 32.)

In response to that Notice, the Court concluded that, because it only granted Plaintiff's Motion to Compel in part, it would consider whether to order partial expense-shifting in this case. (Docket Entry 33 at 4 (quoting Fed. R. Civ. P. 37(a)(5)(C) for the proposition that, "'i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion'").) Further, the Court held that, contrary to Defendant's position, Federal Rule of Civil Procedure 37(a)(5)(C) does not preclude an award of attorney's fees as part of a party's reasonable expenses. (Id. at 6-7.) The Court then directed the Parties to again work to resolve expense-shifting issues and, absent any agreement, to further brief the appropriateness and amount of expense-shifting in light of the Court's Order. (Id. at 7.)

The Parties did not reach any further agreement (see Docket Entry 34 at 1) and instead Plaintiff served Defendant with an affidavit and statement of expenses (see Docket Entry 34-1). Accordingly, Defendant filed the instant Memorandum in which it asserts that Plaintiff has no entitlement to expense-shifting because Plaintiff failed to confer in good faith before moving to compel, because Defendant had substantial justification for objecting to Plaintiff's discovery requests, and because Defendant substantially prevailed as to the Motion to Compel. (Docket Entry

34 at 6-9.)[1]  In addition, Defendant contests some specific items included in Plaintiff's statement of expenses.  (Id. at 9-10.) Plaintiff responded in opposition (Docket Entry 42) and Defendant replied (Docket Entry 43).

## II.  DISCUSSION

A.  Appropriateness of Expense-Shifting

Because the Court granted Plaintiff's Motion to Compel "in part and denied [it] in part, the [C]ourt may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the [M]otion," Fed. R. Civ. P. 37(a)(5)(C).  However, the Court should not award expenses to the moving party if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); see also Charter Practices Int'l, LLC v. Robb, No. 3:12CV1768 (RNC), 2014 WL 273855, at *5 (D. Conn. Jan. 23, 2014) (unpublished) ("Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A)[, in] that expenses

---

[1] Defendant also reiterated its position that Federal Rule of Civil Procedure 37(a)(5)(C) precludes any award of attorney's fees (as part of reasonable expenses) when a court grants in part and denies in part a motion to compel.  (See Docket Entry 34 at 5-6.) Because the Court has already ruled against Defendant's position with respect to that interpretation of Rule 37(a)(5)(C) (see Docket Entry 33 at 6-7), it will not address that argument further.

-4-

of a discovery motion may be imposed upon a party ordered to produce discovery where that party's conduct necessitated the motion unless the nondisclosure or objection was substantially justified or other circumstances make an award of expenses unjust." (internal quotation marks omitted)); Switch Commn'cns Grp. LLC v. Ballard, No. 2:11CV285 JCM (GWF), 2011 WL 5041231, at *1 (D. Nev. Oct. 24, 2011) (unpublished) ("The same factors guide a court's decision under both subsection 37(a)(5)(A) and 37(a)(5)(C).").

As an initial matter, Defendant contends that Plaintiff moved to compel before conferring in good faith to resolve the issues without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1(a). (See Docket Entry 34 at 8-9.) In that regard, Defendant asserts that Plaintiff, after sending a letter to Defendant outlining Plaintiff's concerns (on February 3, 2014), actually drafted the Motion to Compel on February 6, 2014, before receiving Defendant's response on February 7, 2014, upon which date Plaintiff filed said Motion. (See id. at 9.) According to Defendant, this sequence of events shows that Plaintiff improperly "viewed Rule 37(a)(1)'s mandate to confer in good faith with [Defendant] as a mere formality." (Id.)

Given that discovery in this case closed on February 7, 2014 (see Text Order dated Dec. 19, 2013), and that such date also reflected the default deadline for moving to compel, see Lane v. Lucent Techs., Inc., No. 1:04CV789, 2007 WL 2079879, at *3

(M.D.N.C. July 17, 2007) (Osteen, Sr., J.) (unpublished) ("Generally, a party must file a motion to compel before the close of discovery in order for that motion to be deemed timely."), the Court finds reasonable Plaintiff's advance preparation before and prompt action upon receiving Defendant's response (which conveyed Defendant's blanket refusal to respond to the requests which remained in dispute at the hearing (see Docket Entry 26-12 at 2-4)). The Court thus concludes that, under the facts of this case, Plaintiff adequately consulted with Defendant, see, e.g., Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 197–98 (N.D. W. Va. 2000) (finding submission of letter detailing disputed issues sufficient to meet Rule 37's consultation requirement), particularly given that, even after further negotiations on the hearing date, Defendant maintained one or more positions that (as explained both in court on the record and in the discussion which follows) the Court ultimately found wholly meritless (indicating that additional consultation efforts by Plaintiff prior to moving to compel would not have resolved the dispute), see, e.g., Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 245 n.28 (M.D.N.C. 2010) (rejecting notion that consultation requirement mandated redundant and likely futile measures).

Next, Defendant contends that Plaintiff has no entitlement to expense-shifting because Defendant had substantial justification for opposing Plaintiff's Motion to Compel. (Docket Entry 34 at 8.)

"A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Decision Insights, Inc. v. Sentia Grp., Inc., 311 F. App'x 586, 599 (4th Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 565-66 n.2 (1988)). Accordingly, Defendant asserts that its "objections were based on and supported by numerous cases throughout the country holding that the type of financial data sought by Plaintiff is not discoverable in cases similar to the instant case." (Docket Entry 34 at 8.)

In opposing Plaintiff's Motion to Compel (as to Plaintiff's document requests numbered 43 through 52 and 62, specifically), Defendant largely argued that its confidential financial information bore no relevance to this case, because "cost was not the basis for the denial of the requested accommodation." (Docket Entry 26 at 16.) In support of its position, Defendant cited to several cases in which courts determined that the fact that a complaint seeks punitive damages does not alone entitle a plaintiff to discovery concerning a defendant's confidential financial information. (Id. at 15-16 (citing cases).) Only one of those cases actually involves arguments related to the reasonable accommodation inquiry and the related employer defense of undue hardship (in addition to the punitive damages issue); moreover, in that case, the plaintiff raised such an argument for the first time

-7-

at the hearing and it did not appear to significantly affect the court's reasoning. See EEOC v. D&H Co. Dodge Bros. Giant Oil of Ark., Inc., No. 6:10CV0672, 2011 U.S. Dist. LEXIS 128996, at *4-6 (W.D. Ark. Nov. 4, 2011) (unpublished).

In contrast, persuasive authority confirms the direct relevance of a defendant's financial status to the determination of whether an accommodation's cost renders it unreasonable or an undue hardship on the employer (issues raised by Defendant in this case (see Docket Entry 6 at 7-8)). See, e.g., Vande Zande v. State of Wis. Dep't of Admin., 44 F.3d 538, 543 (7th Cir. 1995) ("So it seems that costs enter at two points in the analysis of claims to an accommodation to a disability.  The employee must show that the accommodation is reasonable in the sense both of efficacious and of proportional to costs.  Even if this prima facie showing is made, the employer has an opportunity to prove that upon more careful consideration the costs are excessive in relation either to the benefits of the accommodation or to the employer's financial survival or health.").  Furthermore, the ADA specifically defines undue hardship as "an action requiring significant difficulty or expense, when considered in light of the factors set forth . . . . [including] the nature and cost of the accommodation needed under this chapter . . . [and] the overall financial resources of the

covered entity." 42 U.S.C. § 12111(10). In light of such authority and the defenses asserted in Defendant's Answer, Defendant's argument for the irrelevancy of discovery concerning its finances to the reasonable accommodation inquiry lacks "a reasonable basis in law and fact," <u>Decision Insights</u>, 311 F. App'x at 599.[2]

Under these circumstances, and given the absence of argument by Defendant that other considerations would render expense-shifting unjust (<u>see</u> Docket Entry 34 at 7-9), the Court will exercise its discretion to order Defendant to pay a portion of Plaintiff's reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

B. <u>Amount of Expense-Shifting</u>

Plaintiff's statement of expenses indicates fees totaling $8,460 (representing 24.2 hours of attorney time billed at $350 per hour) and costs totaling $39.20. (Docket Entry 34-1 at 5.)[3] In disputing the amount of expense-shifting, Defendant contends (1)

---

[2] Defendant's contention at the hearing that concerns over liability related to the requested accommodation do not constitute concerns about cost related to the requested accommodation similarly defies reasoned analysis, because "liability" simply represents a mechanism for allocating costs, <u>see, e.g.</u>, <u>Pruitt v. Allied Chem. Corp.</u>, 523 F. Supp. 975, 978 (E.D. Va. 1981) (recognizing consensus "that a principal purpose of tort law is to maximize social utility: where the costs of accidents exceeds the costs of preventing them, the law will impose liability").

[3] Based on the rate of $350 per hour claimed by Plaintiff's counsel, 24.2 hours of attorney work actually would amount to $8,470 in fees rather than $8,460.

that the Parties resolved several of the disputed discovery requests without the Court's intervention, (2) that, with respect to Plaintiff's discovery requests as to which the Court granted relief, the Court also ruled in Defendant's favor by narrowing those requests, and (3) that several items billed by Plaintiff do not properly reflect reasonable expenses incurred in making her Motion to Compel. (Docket Entry 34 at 6-9.) Defendant does not contest the reasonableness of the hourly rate claimed by Plaintiff's counsel or the number of hours spent by counsel for any particular task. (Id. at 1-10.)

As to the first of the foregoing matters, Defendant asserts that the Parties came to an agreement as to 41% of the discovery requests originally identified in the Motion to Compel and, thus, the Court should reduce Plaintiff's expenses accordingly. (Docket Entry 34 at 2-3, 10.) The record reflects that the Parties, in fact, reached a consensus regarding 47% of the initially disputed requests (i.e., eight of seventeen) prior to the hearing. (See id.)[4] Plaintiff does not deny that the Parties resolved those items without the Court's intervention.[5] Given this negotiated

---

[4] Defendant's instant Memorandum omits the fact that, prior to the hearing, the Parties resolved any dispute about Plaintiff's document request numbered 58. (See Docket Entry 34 at 2-3.)

[5] Plaintiff notes that "Defendant's numerical tally, claiming 41% victory is misleading to say the least." (Docket Entry 42 at 5 n.5.) However, the Court need not attribute "victory" to Defendant as to the 47% of requests in question to deny expense-shifting for the related portion of Plaintiff's Motion to Compel.

production, the Court will exercise its discretion under Rule 37(a)(5)(C) to order the Parties to bear their own expenses for motion-practice related to those requests. Accordingly, after identifying what dollar amount qualifies as reasonable expenses incurred by Plaintiff in moving to compel, the Court will impose a reduction of 47%.

Defendant next asserts that it "[p]revailed [w]ith [r]espect to the [m]ajority of the [i]ssues [r]aised" in connection with Plaintiff's requests for Defendant's financial information because the Court, in granting relief as to those requests, also narrowed their scope. (Docket Entry 34 at 6-7.) Defendant's success in obtaining some narrowing of the requests at issue occurred at the margins; Plaintiff, by contrast, substantially prevailed as to the substance of the material dispute regarding those requests. Defendant cites to several cases, including two decisions of this Court, in which a movant's partial success led to an order requiring both sides to bear their own costs. (Docket Entry 34 at 6-7 (citing Moore v. DAN Holdings, Inc., 2013 WL 1833557, at *17 n.11 (M.D.N.C. Apr. 30, 2013) (unpublished), and Morris v. Lowe's Home Ctrs., Inc., 1:10CV388, 2012 WL 5347826, at *13 (M.D.N.C. Oct. 26, 2012) (unpublished)).) However, those cases involved

---

Moreover, Plaintiff provides no explanation as to why the Court should not exclude from expense-shifting the 47% of disputed requests originally in her Motion to Compel that she and Defendant resolved on undisclosed terms. (See id. at 1-7.)

-11-

circumstances in which the conduct of both Parties contributed (relatively) equally to the discovery litigation and in which both Parties obtained substantial relief. Moore, 2013 WL 1833557, at *17 n.11; Morris, 2012 WL 5347826, at *13.

In the instant case, unlike those cited by Defendant, the Court found no reasonable basis for Defendant's position regarding the purported irrelevance of its finances and ruled that Defendant had to produce such discovery. Moreover, at the hearing, Plaintiff expressed a willingness to narrow the scope of the disputed requests while Defendant adhered to its position that any information about its finances bore no relevance to the issue of reasonable accommodation - a position for which (as discussed above) Defendant lacked substantial justification. Finally, the Court's direction that Plaintiff narrow the scope of the language in the requests to avoid overbreadth reflected a comparatively minor adjustment. Such circumstances warrant some expense-shifting in Plaintiff's favor. See, e.g., Dauska v. Green Bay Packaging Inc., 291 F.R.D. 251, 263 (E.D. Wis. 2013) (granting motion to compel in part and awarding partial expenses to substantially prevailing plaintiff under Rule 37(a)(5)(C), while characterizing defendant's arguments in opposition as "baseless" and plaintiff's requests as "overly broad"). Nonetheless, because the Court agreed with Defendant as to the overbreadth of the requests at issue, the Court will reduce the portion of Plaintiff's reasonable expenses

attributable to requests numbered 43 through 52 by 25% to account for Defendant's limited success.

Finally, Defendant asserts that several items which appear on Plaintiff's statement do not constitute expenses "'incurred in making the motion.'" (Docket Entry 34 at 9-10 (quoting Fed. R. Civ. P. 37(a)(5)(A)).) Specifically, Defendant notes that Plaintiff has included in her statement work performed prior to drafting the Motion to Compel as well as work performed after the Court granted said Motion in part. (See id. at 10.) The Court agrees and accordingly will deduct 1.5 hours spent reviewing discovery and drafting a letter regarding deficiencies, .6 hours spent preparing a notice to the Court following the hearing, and 1.4 hours spent preparing a notice to the Court regarding fee shifting.[6] As a result, 20.7 hours represents the reasonable amount of time spent by Plaintiff making her Motion to Compel.

As discussed above, the Court will reduce that amount by 47% (to 10.97 hours) to account for the discovery requests resolved by the Parties prior to the hearing. From that remaining sum, the Court will make an additional reduction of 25% (to 8.23 hours) because Defendant prevailed as to the overbreadth of the remaining disputed requests, resulting in reasonable attorney's fees equaling

---

[6] However, the Court will not exclude 1.7 hours spent by Plaintiff's counsel preparing for the hearing and preparing a proposal to resolve the discovery dispute, as requested by Defendant, because the Court construes those activities as part of making the Motion to Compel.

$2,880.50 (i.e., 8.23 hours at $350 per hour). As a final matter, the Court will order Defendant to compensate Plaintiff for travel expenses in connection with attending the hearing in the amount of $39.20 (see Docket Entry 34-1 at 5).[7] Thus, Defendant must pay Plaintiff reasonable expenses, including attorney's fees, totaling $2,919.70.

### III. CONCLUSION

Plaintiff has demonstrated an entitlement to compensation for a portion of her reasonable expenses, including attorney's fees, incurred in making her Motion to Compel.

**IT IS THEREFORE ORDERED** that Defendant pay Plaintiff $2,919.70 in reasonable expenses, including attorney's fees, incurred in making Plaintiff's Motion to Compel (Docket Entry 21).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 9, 2014

---

[7] Defendant neither challenges Plaintiff's ability to recover travel costs (as opposed to attorney's fees) under Federal Rule of Civil Procedure 37(a)(5)(C) nor contests the reasonableness of the costs incurred in that regard. (See Docket Entry 34; Docket Entry 43.)